<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IMRAN KHAN, *Petitioner*, v. U.S. DEPARTMENT OF HOMELAND SECURITY, et al., *Respondents*. | Civil Action No. 25-cv-14246 **OPINION** December 23, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon the Petition of Imran Khan ("Petitioner") for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his continued immigration detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") following entry of a final order of removal. (ECF No. 4.) Petitioner contends that his detention has become unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that his removal is not reasonably foreseeable, and that this Court possesses jurisdiction to order his release or to stay his removal pending review by the Board of Immigration Appeals ("BIA"). (*Id.*) Respondents oppose the Petition, asserting that removal remains reasonably foreseeable and that Petitioner's detention is lawful under 8 U.S.C. § 1231(a)(6). (ECF No. 18.) For the reasons set forth below, the Petition is DENIED, and the request for a stay of removal is DISMISSED for lack of jurisdiction.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner, a native and citizen of Bangladesh, currently in the custody of DHS and ICE, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, the All Writs Act, 28 U.S.C. § 1651, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Fifth Amendment's Due Process Clause on August 7, 2025. (ECF No. 1.) The Petition challenges the legality of Petitioner's immigration detention and seeks immediate release pending resolution of his motion to reopen removal proceedings before the BIA. (ECF No. 4 at 2.)

Petitioner asserts that he has resided in the United States since approximately 1999, is married, and is the father and primary caregiver of two United States citizen children, including a severely autistic, nonverbal son. (*Id.* ¶¶ 2, 36.) He avers that he has no criminal history and that, until his recent detention, he had reported annually for ICE check-ins for over a decade without incident. (*Id.* ¶¶ 3, 32–33.) Petitioner was taken into custody by DHS and ICE on July 3, 2025, during a scheduled check-in at 26 Federal Plaza in New York City, and has remained detained since that date. (*Id.* ¶¶ 4, 34–35.)

Petitioner contends that his ongoing detention is unconstitutional, arbitrary, and without lawful justification, particularly in light of a pending Emergency Motion to Reopen and Stay Removal filed with the BIA on July 18, 2025. (*Id.* ¶¶ 5, 70–73.) Petitioner alleges that the conditions at the varying detention centers where he has been held are inhumane and detrimental to his health, citing exposure to unsanitary living conditions, cold temperatures, inadequate nutrition, and exacerbation of preexisting medical conditions such as asthma and heart palpitations. (*Id.* ¶¶ 39–44.)

Legally, Petitioner argues that his detention violates the statutory limits imposed by 8 U.S.C. § 1231(a)(6) and the constitutional principles articulated in *Zadvydas*, 533 U.S. 678, which

prohibit indefinite detention once removal is not reasonably foreseeable. (*Id.* ¶¶ 46–56.) He brings three causes of action: (1) unlawful detention in violation of federal habeas statutes; (2) violation of his Fifth Amendment procedural and substantive due process rights, including the right to family integrity and to pursue relief before the BIA; and (3) arbitrary and capricious agency action in violation of the APA. (*Id.* ¶¶ 57–74.)

As relief, Petitioner requests, *inter alia*, that this Court: (1) assume jurisdiction and issue an Order to Show Cause requiring a response within three days; (2) stay his removal pending resolution of BIA proceedings; (3) direct his transfer back to Delaney Hall in New Jersey and prohibit further interstate transfers without 72-hour notice to counsel; (4) remove his electronic monitoring device; and (5) grant immediate release or, alternatively, a bond hearing before an immigration judge. (*Id.* at 16–17.)

Petitioner initiated this action on August 7, 2025. (ECF No. 1.) On September 6, 2025, Petitioner filed an Emergency Motion for an Order to Show Cause, seeking immediate judicial intervention in connection with his immigration detention. (ECF No. 2.) On September 8, 2025, the Court granted the motion and directed Respondents to show cause, no later than September 12, 2025, why the habeas petition should not be granted. (ECF No. 3.)

That same day, Petitioner filed an Amended Complaint ("FAC") naming as respondents Pamela Bondi, Delaney Hall Detention Facility, DHS, and ICE, and included an "Urgent Letter Request" seeking to amend the habeas petition to conform with the Order to Show Cause. (FAC, ECF No. 4.) In the FAC, Petitioner supplements his original habeas petition to reflect subsequent transfers between detention facilities and to amplify his constitutional and statutory challenges to his continued immigration detention. (*Id.*)

3

In an accompanying letter dated September 8, 2025, counsel clarified that the amendment was sought to reflect the petitioner's evolving detention circumstances and to correct typographical errors. (ECF No. 4-1.) The letter further requested that the Court amend the previously issued Order to Show Cause to account for the petitioner's transfer to Texas and to ensure his continued detention within the jurisdiction of the District of New Jersey. (*Id.* at 2.)

Respondents timely filed their Answer to the Amended Petition for Writ of Habeas Corpus on September 26, 2025, urging dismissal of the Petition on both jurisdictional and substantive grounds. (ECF No. 13, "Answer.") The Answer is supported by the Declaration of ICE Assistant Field Office Director José P. Ortez (ECF No. 13-6, "Ortez Decl."), which outlines Petitioner's immigration and custody history. According to the Ortez declaration, Petitioner was ordered removed in 2004, and became subject to a final order in 2005, affirmed by the Third Circuit in 2007. (Ortez Decl. ¶¶ 3–5; *see also Khan v. Att'y Gen. of U.S.*, 217 F. App'x 120 (3d Cir. 2007).) Petitioner was detained from September 2008 to January 2009, released under supervision, and re-detained on July 3, 2025 following the revocation of that release. (Ortez Decl. ¶¶ 6–10.)

Petitioner filed his Response to Respondents' Answer on October 22, 2025, attaching supporting exhibits. (ECF No. 18, "Response.") On October 24, 2025, Petitioner filed an Amended Response which largely reiterates the arguments previously advanced. (ECF No. 19, "Amended Response.") The matter is now fully briefed and ripe for disposition.

II. **LEGAL STANDARD**

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–688 (2001); *Dryden v. Green*, 321 F. Supp. 3d 496, 500 (D.N.J. 2018). Federal courts have jurisdiction under § 2241 to review the constitutionality and statutory validity of such detention,

provided the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The inquiry under § 2241 is limited to the lawfulness of the petitioner's confinement rather than the validity of the underlying removal order. *See Demore v. Kim*, 538 U.S. 510, 516–517 (2003).

Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, such detention is not indefinite. In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits post-order detention to a period reasonably necessary to accomplish removal. 533 U.S. at 689. The Court established a presumptively reasonable six-month period of detention. *Id.* at 701. After that time, if the petitioner provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing with evidence demonstrating that removal remains likely. *Id.*; *see also Clark v. Martinez*, 543 U.S. 371, 377–378 (2005).

The scope of habeas review under § 2241 is circumscribed but robust in ensuring compliance with constitutional limits. District courts must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." *Zadvydas*, 533 U.S. at 695, 699.

Finally, while district courts lack jurisdiction under 8 U.S.C. § 1252(g) to review or enjoin the execution of removal orders, they retain jurisdiction over detention-based challenges brought under § 2241. Section 1252(g) prohibits district courts from hearing "any cause or claim… arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases,

5

or execute removal orders…" The Supreme Court has made clear that this jurisdictional bar applies only to those three discrete actions and not to all claims tangentially related to removal proceedings. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–483 (1999). More recently, the Court reaffirmed that *Reno* "did not interpret [§ 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions," but rather only those actions themselves. *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Thus, where a petitioner challenges only the lawfulness of his detention pending or following removal proceedings, § 1252(g) does not bar review. *Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, ___ F. Supp. 3d ___, 2025 WL 2937880, at *3 (W.D. Tex. Oct. 16, 2025); *Duarte v. Mayorkas*, 27 F.4th 1044, 1055 (5th Cir. 2022).

Nor does § 1252(b)(9) preclude habeas review of detention-based constitutional claims. That provision channels "judicial review of all questions of law and fact … arising from any action taken or proceeding brought to remove an alien" into review of a final order of removal in the courts of appeals. 8 U.S.C. § 1252(b)(9). Yet the Supreme Court has rejected expansive readings of this statute that would collapse every collateral issue into the review of removal orders. *Jennings*, 583 U.S. at 293–295. As *Jennings* illustrated, claims regarding detention conditions or bond eligibility do not "arise from" the process of adjudicating removability in any meaningful sense. *Id*. Consistent with this reasoning, *Vieira* held that § 1252(b)(9) "does not present a jurisdictional bar" where a petitioner challenges detention without a bond hearing rather than the propriety of removal itself. 2025 WL 2937880, at *4.

Thus, the central inquiry in a post-order immigration habeas action is whether the petitioner's continued detention remains reasonably related to its purpose—namely, effectuating

removal—or whether it has become arbitrary, indefinite, or constitutionally impermissible. *See Diouf v. Napolitano*, 634 F.3d 1081, 1091–1092 (9th Cir. 2011).

### III.  ANALYSIS

The Court has carefully reviewed the parties' submissions and the record in this matter. The issue before the Court is whether Petitioner's continued detention under 8 U.S.C. § 1231(a)(6) violates the Due Process Clause or the limitations articulated by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons that follow, the Court concludes that Petitioner's detention remains within the scope of lawful authority and that his removal is reasonably foreseeable.

#### A.  Jurisdiction

As a threshold matter, the Court must determine whether it has jurisdiction to review Petitioner's claims. Respondents argue that Petitioner's request for a stay of removal constitutes an impermissible collateral attack on the underlying removal order, which falls within the exclusive jurisdiction of the court of appeals under 8 U.S.C. § 1252(a)(5) and (b)(9). (Answer at 13–14.) The Court agrees in part.

To the extent Petitioner seeks to stay or enjoin the execution of his final order of removal pending resolution of his motion to reopen before the BIA, this Court lacks jurisdiction under § 1252(g), which divests district courts of authority to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to… execute removal orders." *M'Bagoyi v. Barr*, 423 F. Supp. 3d 99, 105 (M.D. Pa. 2019) (holding that district courts lack jurisdiction under § 1252(g) to stay or enjoin the execution of a removal order pending administrative review). Federal courts have repeatedly held that requests to stay removal pending administrative proceedings fall squarely within the jurisdictional bar of § 1252(g). *See, id.* at 106

(reaffirming that challenges to the timing or execution of removal orders must be raised in the court of appeals); *Ivan A. v. Anderson*, No. CV 20-2796 (KM), 2021 WL 858608, at *3 (D.N.J. Mar. 8, 2021) (dismissing for lack of jurisdiction where petitioner sought a stay of removal pending BIA proceedings under § 1252(g)). Accordingly, the Court lacks jurisdiction to consider Petitioner's request to stay his removal, and that request must be dismissed.

However, this jurisdictional limitation does not extend to Petitioner's separate challenge to the legality of his detention. The Supreme Court has drawn a clear distinction between challenges to the execution of removal orders and challenges to the fact or duration of detention. *See Demore*, 538 U.S. at 516–517; *Zadvydas*, 533 U.S. at 687–688. A habeas petition that contests the constitutionality of post-order detention, rather than the removal order itself, falls squarely within the scope of § 2241 jurisdiction. *Jennings*, 583 U.S. at 293–295 (clarifying that federal courts retain jurisdiction to consider statutory and constitutional challenges to immigration detention); *Chehazeh v. Att'y Gen. of U.S.*, 666 F.3d 118, 135 (3d Cir. 2012) (explaining that habeas jurisdiction properly extends to claims challenging the legality or duration of detention, as distinct from removal proceedings themselves).

Accordingly, while the Court lacks jurisdiction to stay or enjoin the execution of Petitioner's removal order under § 1252(g), it retains jurisdiction to consider his separate challenge to the legality and duration of his detention under § 2241.

### B.  Lawfulness of Detention under *Zadvydas* Framework

Turning to the merits, Petitioner contends that his detention has exceeded the "presumptively reasonable" six-month period established in *Zadvydas* and that his removal is not reasonably foreseeable. (ECF No. 18 at 8–10.) Respondents argue that Petitioner is lawfully detained pursuant to a final order of removal to Bangladesh. (Answer at 5.) Respondents further

explain that on July 3, 2025, Immigration and Customs Enforcement and Removal Operations ("ICE–ERO") revoked Petitioner's prior supervised release and re-arrested him to effectuate his removal. (*Id.*) ICE-ERO, Respondents note, has since requested updated travel documentation from the Embassy of the People's Republic of Bangladesh, which previously issued a travel document for Petitioner in August 2021. (*Id.* at 5; Ortez Decl. ¶¶ 9–12.) (ECF No. 13-6.) Respondents contend that Petitioner bears the initial burden to demonstrate that his removal is not significantly likely to occur in the reasonably foreseeable future, but that he has failed to meet that burden. (*Id.* at 11, citing *Barenboy v. Att'y Gen.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005).) Respondents assert that ICE's active removal efforts—including a pending travel document request to Bangladesh—demonstrate that removal is imminent, and therefore detention remains lawful under *Zadvydas*. (*Id.*) The Court agrees with Respondents.

Under 8 U.S.C. § 1231(a)(6), the government may detain a noncitizen beyond the ninety-day removal period if necessary to secure removal. *Zadvydas* held that post-order detention is limited to a "period reasonably necessary to bring about that alien's removal," and that detention beyond six months is presumptively unreasonable absent evidence of a significant likelihood of removal in the reasonably foreseeable future. 533 U.S. at 689, 701. After six months, the Petitioner must show "good reason" to doubt removal is foreseeable, and the government must then rebut that showing. *Id.*

Here, Petitioner was taken into DHS custody on July 3, 2025, following revocation of his supervised release. (Answer at 5.) As of the date of this opinion, Petitioner has been detained for approximately five months—within the six-month presumptive period under *Zadvydas*. Even assuming, for the sake of argument, that the *Zadvydas* presumption were to apply immediately,

9

Petitioner has not met his initial burden to show that his removal is not significantly likely to occur in the reasonably foreseeable future.

In fact, the record reflects active and ongoing removal efforts. ICE-ERO has requested updated travel documentation from the Embassy of the People's Republic of Bangladesh ("the Embassy"), which previously issued such documentation for Petitioner in August 2021. (Ortez Decl. ¶ 9—12, ECF No. 13-6.) Respondents represent that the Embassy has acknowledged receipt of the renewed request and that issuance is pending. (Answer at 6–8.) District Courts have repeatedly held that where the government demonstrates active efforts to obtain travel documents and a functional repatriation relationship with the receiving country, removal is reasonably foreseeable. *See Barenboy v. Att'y Gen. of U.S.*, 160 F. App'x 258, 261 (3d Cir. 2005) (finding no due process violation where petitioner's continued detention was supported by evidence of active diplomatic efforts and progress toward repatriation); *Medrano v. Taylor*, No. CV 17-5521 (ES), 2018 WL 2175774, at *3 (D.N.J. May 11, 2018) (declining habeas relief where the government demonstrated active steps to effectuate removal); *Baldemora v. Green*, No. CV 16-2604 (ES), 2016 WL 6518432, at *3 (D.N.J. Nov. 1, 2016) (denying habeas petition where the government's efforts indicated that removal remained reasonably foreseeable).

Bangladesh is not among the countries that systematically refuse repatriation and there is no evidence that the Embassy has declined to issue documentation for Petitioner. (Answer at 13.) The record thus falls far short of establishing that removal is unlikely in the reasonably foreseeable future. *See Khan v. Att'y Gen. of U.S.*, 217 F. App'x 120 (3d Cir. 2007) (affirming Petitioner's final removal order to Bangladesh). The mere passage of several months, without more, does not render detention indefinite within the meaning of *Zadvydas*. *See Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004).

Petitioner argues that because DHS has not effectuated his removal during prior detentions in 2008 and 2025, removal is speculative. (ECF No. 18 at 8–9.) This contention is unavailing. Prior delays, standing alone, do not establish that removal is no longer reasonably foreseeable—particularly where current diplomatic efforts are ongoing and supported by prior success in obtaining travel documents. *See Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).

Accordingly, the Court concludes that Petitioner's continued detention, now approximately five months in duration, remains reasonably related to the government's legitimate interest in effectuating removal and does not violate 8 U.S.C. § 1231(a)(6) or the due process principles articulated in *Zadvydas*.

### C. Due Process Considerations

Petitioner also invokes the Fifth Amendment's Due Process Clause, arguing that his detention is arbitrary and punitive. (ECF Nos. 1, 4, 18.) While prolonged or indefinite detention may implicate constitutional concerns, *Zadvydas* itself represents the constitutional limit on post-removal-period detention. *See Zadvydas*, 533 U.S. at 690; *Diouf v. Napolitano*, 634 F.3d 1081, 1091–1092 (9th Cir. 2011). The record reflects that Petitioner's detention has been of limited duration, that ICE continues to pursue repatriation efforts, and that no evidence suggests bad faith, unreasonable delay, or conditions rising to the level of a constitutional deprivation. (*See* Answer.)

Petitioner's humanitarian concerns—including his role as caregiver to his family and his description of conditions of confinement—are not without sympathy. (ECF No. 4 ¶¶ 2—3, 36—43.) However, these considerations do not alter the legal analysis governing post-order detention under *Zadvydas*. The Court's jurisdiction under § 2241 extends only to the lawfulness of custody, not to the discretionary or humanitarian equities of removal enforcement. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485–487 (1999).

### D. Request for a Stay of Removal

Finally, to the extent Petitioner seeks an order staying or enjoining his removal pending the BIA's resolution of his motion to reopen (ECF No. 4 ¶¶ 5—6.), the Court lacks jurisdiction to grant such relief under 8 U.S.C. § 1252(g). Challenges seeking to enjoin or restrain the execution of removal orders must be raised in the court of appeals. *See Nken v. Holder*, 556 U.S. 418, 427 (2009); *Tazu v. Att'y Gen.*, 975 F.3d 292, 296–297 (3d Cir. 2020). Therefore, this Court cannot extend its habeas jurisdiction to grant a stay of removal.

Accordingly, Petitioner has failed to demonstrate that his continued detention violates either § 1231(a)(6) or the Constitution. The habeas petition must therefore be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's continued detention is authorized by 8 U.S.C. § 1231(a)(6) and comports with the limitations established *in Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner has not demonstrated that his removal is not reasonably foreseeable or that his detention violates the Constitution or laws of the United States.

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 4) is **DENIED**, and the request for a stay of removal is **DISMISSED** for lack of jurisdiction. An appropriate Order accompanies this Opinion.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:     Clerk
cc:       Parties